12465 ·

STATE v. WALKER

(143 S. E., 805)

CRIMINAL LAW—STATEMENT OF COURT, IN JURY'S PRESENCE, THAT DE-
FENDANT'S KNOWLEDGE OF PRESENCE OF LIQUOR TRANSPORTED IN
CAR WAS IMMATERIAL, HELD TO REQUIRE NEW TRIAL.—Statement
by Court, on defendant's motion for directed verdict, that it made
no difference whether defendant knew whisky was in car, or what
his intention was, where proof showed he was hauling liquor, *held*
prejudicial error, requiring new trial, where made in jury's pres-
ence.

Before HENRY, J., Union, September, 1926. Reversed
and remanded.

F. T. Walker was convicted of transporting, storing, and
having in possession contraband liquor, and he appeals.

*Mr. John K. Hamblin,* for appellant, cites: *Insufficient
evidence for jury here:* 138 S. C., 164; 118 S. C., 21; 92
S. C., 427; 134 S. C., 226; 130 S. C., 160; 126 S. E., 765;
125 S. C., 313; 124 S. E., 337.

*Solicitor I. C. Blackwood,* for respondent.

June 12, 1928.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE WATTS.

The defendant was indicted by the grand jury of Union
County, on a charge of transporting, storing, and having
in possession contraband liquor. Defendant came on to be
tried upon said charge before his Honor, Judge J. K. Henry,
and a jury, on the 21st day of September, 1926, and was
duly convicted. At the close of the state's testimony the
following took place:

"Mr. Hamblin: We will ask the jury to retire. I would
like to make a motion.

"The Court: What is your motion?

"Mr. Hamblin: For direction of verdict.

"The Court: I can't do that.

"Mr. Hamblin: I would like to put it in the record, on the ground that there is no testimony here to show whose whisky it was; and there is no testimony to show that the defendant knew that the whisky was in the car, or had anything to do with it, or had any knowledge of it; that the evidence should point to the guilt of the defendant, and exclude every other reasonable hypothesis, which it does not do.

"The Court: The Court refuses to grant a motion for directed verdict, on the ground that this is a violation of statute, and makes no difference whether the defendant knew it or not; the fact is, according to the proof so far produced, he was hauling contraband liquor in his car. It makes no difference what his intention was; the law has been violated, and that question is to go to the jury, to determine whether or not he has violated it."

The exceptions must be sustained, and a new trial granted. This statement was made in the presence of the jury, and was highly prejudicial to the defendant.

Reversed and a new trial.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.